■ In the Matter of JACKI B. GUTMAN, Appellant, v COUNTY OF NASSAU, MUTTONTOWN PRESERVE, Respondent. [639 NYS2d 109]

The petitioner was allegedly injured when she slipped and fell on ice while walking in a parking lot in the Muttontown Preserve. She concededly failed to serve a timely notice of claim upon the County of Nassau *(see,* General Municipal Law § 50-e). Accordingly, she commenced this proceeding for leave to serve a late notice of claim. However, in view of, *inter alia,* the inadequate excuse proffered by the petitioner for her delay in filing a notice of claim and the amount of time that elapsed between the expiration of the 90-day limit of General Municipal Law § 50-e and the point at which the County of Nassau received actual notice of the essential facts of the petitioner's claim, the Supreme Court did not improvidently exercise its discretion in denying leave to serve a late notice of claim *(see,* General Municipal Law § 50-e [5]; *Matter of Strauss v New York City Tr. Auth.,* 195 AD2d 322; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795; *Carbone v Town of Brookhaven,* 176 AD2d 778; *Matter of Perry v City of New York,* 133 AD2d 692). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.