■ SALAHUDEEN RASHAD SAAFIR et al., Appellants, v METRO-NORTH COMMUTER RAILROAD COMPANY et al., Respondents, et al., Defendant. [688 NYS2d 224] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered March 11, 1998, as, upon an order of the same court, dated February 19, 1998, which, *inter alia*, denied their motion for leave to serve a late notice of claim and granted the cross motion of the defendants Metro-North Commuter Railroad Company and Metropolitan Transportation Authority to dismiss the complaint pursuant to Public Authorities Law § 1276 and General Municipal Law § 50-e, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Salahudeen Rashad Saafir was allegedly injured when he slipped on ice and fell at the Metro-North train station in Poughkeepsie on November 25, 1996. The plaintiffs sought leave to serve a late notice of claim nearly a year later, asserting that they had been unaware of the statutory requirement for the filing of a notice of claim and that a Metro-North Police so-called "aided report" and "daily activity log" had given the defendants actual knowledge of the essential facts constituting the claim at the time of the accident. The Supreme Court

rejected these assertions, denied the plaintiffs' motion for leave to serve a late notice of claim, and granted the cross motion of the defendants Metro-North Commuter Railroad Company and Metropolitan Transportation Authority to dismiss the complaint insofar as asserted against them.

It is well established that ignorance of the statutory requirement for serving a timely notice of claim is not an acceptable excuse for delay (*see, Matter of Kenyon v City of New York,* 194 AD2d 398; *Matter of Embery v City of New York,* 250 AD2d 611). While the absence of an acceptable excuse is not necessarily fatal to an application for leave to serve a late notice of claim (*see, Matter of Siena v Marlboro Houses,* 188 AD2d 534, 535; *Montalto v Town of Harrison,* 151 AD2d 652, 653), its absence in combination with other factors may serve as a basis for denying the application.

In the instant case, the plaintiffs also failed to establish that the defendants had actual knowledge of the essential facts within a reasonable time after the accident. Neither the police aided report or daily activity log were sufficient to furnish actual knowledge of the essential facts underlying the claim since they failed to suggest any connection between the happening of the accident and any negligence on the part of the defendants (*see, Matthews v New York City Hous. Auth.,* 180 AD2d 669, 670; *Fox v City of New York,* 91 AD2d 624). Moreover, the plaintiffs' delay of nearly one year in seeking leave to serve a notice of claim prejudiced the defendants' ability to maintain a defense on the merits (*see, Matter of Carty v City of New York,* 228 AD2d 592; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547, 548).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying leave to serve a late notice of claim (*see, Zarrello v City of New York,* 61 NY2d 628; *Matter of Gutman v County of Nassau, Muttontown Preserve,* 225 AD2d 623). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.