■ THOMAS G. MEEHAN et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [744 NYS2d 484] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated April 25, 2001, which granted the plaintiffs' motion for leave to serve a late notice of claim and denied its separate motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) for failure to allege compliance with Public Authorities Law § 1212 and General Municipal Law § 50-e.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the plaintiffs' motion is denied, the separate motion of the defendant New York City Transit Authority is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendants is severed.

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve a late notice of claim almost 15 months after the subject incident. In determining whether to grant leave to serve a late notice of claim, a

court should consider whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, whether the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [1] [a]; [5]; *Matter of Resto v City of New York,* 240 AD2d 499, 500; *Matter of Deegan v City of New York,* 227 AD2d 620).

The plaintiffs failed to offer a reasonable excuse for the delay of nearly one year and three months in requesting permission to serve a late notice of claim. Furthermore, the "telephone report of accident, claim & no-fault" completed shortly after the accident did not provide the defendant New York City Transit Authority (hereinafter the Authority) with actual notice of the essential facts constituting the plaintiffs' claim since it failed to suggest any connection between the happening of the accident and any alleged negligence in the ownership, operation or control of the Authority's bus (*see Rabanar v City of Yonkers,* 290 AD2d 428; *Mack v City of New York,* 265 AD2d 308; *Saafir v Metro-North Commuter R.R. Co.,* 260 AD2d 462, 463; *Doherty v City of New York,* 251 AD2d 368; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408; *Matter of Resto v City of New York, supra; Finneran v City of New York,* 228 AD2d 596). Finally, the plaintiffs' delay in seeking leave to serve a late notice of claim prejudiced the Authority's ability to maintain a defense on the merits (*see Saafir v Metro-North Commuter R.R. Co., supra* at 463; *Matter of Carty v City of New York,* 228 AD2d 592; *Ortiz v New York City Hous. Auth.,* 201 AD2d 547, 548).

Accordingly, the Supreme Court improvidently exercised its discretion in granting leave to serve a late notice of claim and should have granted the Authority's motion to dismiss the complaint insofar as asserted against it (*see Zarrello v City of New York,* 61 NY2d 628). Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.