■ PAUL PAPPALARDO, Appellant, v CITY OF NEW YORK et al., Respondents. [768 NYS2d 660]—

Appeal by Paul Pappalardo from an order of the Supreme Court, Kings County (Bruno, J.), dated March 28, 2002, which denied his motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on the respondents.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in denying his motion for leave to serve a late notice of claim on the respondents. Where the movant is not an infant, a court will generally consider three factors in determining whether to grant leave to serve a late notice of claim: "(1) whether the [movant] demonstrated a reasonable excuse for the delay, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (*Matter of Jasinski v Ward Tech. School,* 306 AD2d 347 [2003]; *see* General Municipal Law § 50-e [5]).

In the instant case, the appellant failed to offer a reasonable

excuse for his failure to timely serve a notice of claim (*see Matter of Aliberti v City of Yonkers,* 302 AD2d 456 [2003]). Moreover, the respondents did not have actual knowledge of the facts essential to the appellant's claim within 90 days of the accident or a reasonable time thereafter. "What satisfies the statute is not knowledge of the wrong but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]; *see Matter of Nieves v Girimonte,* 309 AD2d 753 [2003]; *Matter of Brown v County of Westchester,* 293 AD2d 748, 749 [2002]). The appellant argues that the respondents acquired actual knowledge of the facts underlying the subject claim within days of the accident's occurrence by virtue of, inter alia, the "Supervisor's Accident Investigation Report" and an "Incident Witness Statement." Although these forms contained information as to how the appellant was injured, neither form suggested any connection between the happening of the accident and any alleged negligence by the respondents (*see Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310, 311 [2002], *lv denied* 100 NY2d 508 [2003]; *Meehan v City of New York,* 295 AD2d 581, 582 [2002]; *Matter of Brown v County of Westchester, supra* at 749; *Matter of Ryder v Garden City School Dist.,* 277 AD2d 388, 388-389 [2000]; *Saafir v Metro-North Commuter R.R. Co.,* 260 AD2d 462, 463 [1999]). Finally, the Supreme Court properly determined that the 15-month delay between the date of the accident and the appellant seeking to serve a notice of claim would prejudice the respondents in their ability to defend against the action (*see Matter of Price v Board of Educ. of City of Yonkers, supra; Matter of Bergmann v County of Nassau,* 297 AD2d 807, 808 [2002]; *Matter of Lorseille v New York City Hous. Auth.,* 295 AD2d 612 [2002]; *Meehan v City of New York, supra; Matter of Ryder v Garden City School Dist., supra* at 389; *Saafir v Metro-North Commuter R.R. Co., supra*). Santucci, J.P., Adams, Crane and Cozier, JJ., concur.