■ In the Matter of JOAQUIM M. HENRIQUES, Appellant, v CITY OF NEW YORK et al., Respondents. [803 NYS2d 194]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 12, 2004, which denied the application.

Ordered that the order is affirmed, with costs.

Pursuant to General Municipal Law § 50-e (5), a court has the discretion to permit the service of a late notice of claim. The relevant factors for the court to consider include whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Bovich v East Meadow Pub. Lib.,* 16 AD3d 11, 19-20 [2005]). Here, there is no indication in the record that the respondents had actual knowledge of the facts essential to the claim within 90 days of the accident or a reasonable time thereafter. "What satisfies the statute is not knowledge of the wrong but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]).

The petitioner argues that the respondents acquired actual knowledge of the facts underlying the claim on the date of the accident, inter alia, by virtue of the construction accident report and the inspector's report. While these forms contain information as to how the petitioner was injured, they do not suggest any causal connection between the happening of the accident and any alleged negligence by the respondents (*see Pappalardo v City of New York,* 2 AD3d 699, 700 [2003]; *Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310 [2002]; *Matter of Ryder v Garden City School Dist.,* 277 AD2d 388, 388-389 [2000]; *Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493, 494 [1996]). Moreover, the petitioner's delay of nearly one year after the incident in seeking to serve a notice of claim prejudiced the respondents' ability to maintain a defense (*see Pappalardo v City of New York, supra*; *Saafir v Metro-North Commuter R.R. Co.,* 260 AD2d 462, 463 [1999]). Under the circumstances, the Supreme Court providently exercised its discre-

tion in denying the petitioner leave to serve a late notice of claim. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.