In the Matter of ANILO DEVIVO, Respondent, v TOWN OF CARMEL, Appellant. [891 NYS2d 154]—

Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted is whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (*see Matter of Wright v City of New York*, 66 AD3d 1037 [2009]; *see also Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]). While the presence or the absence of any one of the factors is not necessarily determinative (*see Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]), whether the

municipality had actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Gonzalez v City of New York,* 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 147 [2008]). The municipality must have notice or knowledge of the specific claim, and not merely some general knowledge that a wrong has been committed (*see Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.],* 50 AD3d 830, 832 [2008]; *Pappalardo v City of New York,* 2 AD3d 699 [2003]).

The petitioner asserted that the appellant Town of Carmel obtained actual knowledge of the essential facts by virtue of a police accident report made by the responding police officer and an ambulance call report. However, in order for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the municipal corporation (*see Matter of Boskin v New York City Tr. Auth.,* 44 AD3d 851, 852 [2007]). Here, the subject reports did not provide the appellant with actual notice of the essential facts constituting the petitioner's claim. The reports merely described the response to the scene, the treatment of the injuries at the scene, and the transport of the petitioner to the hospital, but did not describe the accident and made no connection between the petitioner's injuries and any alleged negligence of the appellant (*see Matter of Gilliam v City of New York,* 250 AD2d 680 [1998]).

Moreover, the petitioner failed to put forward a reasonable excuse for the delay in seeking to serve a notice of claim. Although one of the factors contained in General Municipal Law § 50-e (5) is "whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted," the petitioner's failure to ascertain the appellant's ownership of the subject property herein was due to a lack of due diligence in investigating the matter (*see Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon,* 41 AD3d 404, 405-406 [2007]; *Matter of Nieves v Girimonte,* 309 AD2d 753, 754 [2003]; *see also Arias v New York City Hous. Auth.,* 40 AD3d 298, 299 [2007]; *Jenkins v New York City Hous. Auth.,* 29 AD3d 319, 319-320 [2006]).

Finally, the petitioner failed to sustain his burden by rebutting the appellant's assertions that the delay substantially prejudiced its ability to investigate and defend against the claim (*see Matter of Landa v City of New York,* 252 AD2d 525 [1998]; *Matter of Deegan v City of New York,* 227 AD2d 620 [1996]).

Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.