■ In the Matter of MATTIE DAVIS, Appellant, v COUNTY OF WESTCHESTER, Respondent. [911 NYS2d 103]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 27, 2009, which denied the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.

On May 5, 2009, the petitioner allegedly was injured in Bronx County while exiting a bus owned by the respondent. The petitioner asserted that the bus driver negligently caused her to fall as she was exiting the bus by raising the wheelchair lift located at the center of the bus while she was in the process of stepping off the lift. A supervisor for Liberty Lines Transit, Inc. (hereinafter Liberty Lines), a private company which operated the bus for the respondent, County of Westchester, arrived at the scene while the petitioner was awaiting medical attention. The supervisor proceeded to compile a "Confidential Supervisor Report" and an incident report, and assisted in obtaining medical attention for the petitioner.

Under the erroneous belief that the bus was owned by Liberty Lines, the petitioner failed to serve the respondent with a notice of claim within 90 days of the incident as required under General Municipal Law § 50-e (5). On September 25, 2009, upon learning of her mistake, the petitioner filed an order to show cause, requesting leave to file a late notice of claim 52 days after the 90-day period had expired. The Supreme Court denied the petition. We reverse.

Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838 [2008]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]).

Here, because the petition for leave to serve a late notice of claim was timely filed within the applicable statute of limitations period, the absence of a reasonable excuse for the delay is not necessarily dispositive when weighed against other relevant factors (*see Matter of Kumar v City of New York*, 52 AD3d 517, 518 [2008]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734, 735 [2008]).

In weighing the relevant factors, actual knowledge of the essential facts constituting the claim "should be accorded great weight" in determining whether to grant an extension of time to file a late notice of claim (*Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *see also Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735, quoting *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148).

The supervisor for Liberty Lines prepared a report which documented the time and place of the accident, the number of the bus, and the identities of the bus driver and the injured passenger. His report documented the petitioner's statement that her injury was caused by the conduct of the bus driver in raising the lift before she fully cleared the lift, and the bus driver's assertion to the contrary that the passenger had fully exited the bus and was clear of the lift when she fell. The supervisor recorded the names of three passenger witnesses, their contact information, and their statements refuting the petitioner's claim.

His reports were directed to County Risk Management Services, LLC. In opposition to the petitioner's motion, the County conceded that it received the confidential accident/incident report and confidential supervisor report, but contended that those reports did not provide it with actual knowledge of the essential facts constituting the petitioner's claim. However, since the supervisor's reports clearly identified the facts underlying a potential claim and the defenses to that claim, as opposed to simply documenting the occurrence of an incident, actual knowledge of the claim may be imputed to the County (*see Chattergoon v New York City Hous. Auth.*, 197 AD2d 397, 398 [1993]; *cf. Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467 [2008]). The reports also established that the County was not substantially prejudiced in its ability to investigate the circumstances of the accident (*see Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d at 735). Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the petition. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.