■ In the Matter of NICOLETTE ANN IACONE et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [918 NYS2d 202]—

Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted is whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter; whether the claimant was an infant, or mentally or physically incapacitated; whether the claimant, in serving a notice of claim, made an excusable error concerning the identity of the public corporation against which the claim should be asserted; whether the delay would substantially prejudice the public corporation in maintaining its defense; and whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138 [2008]). While the presence or the absence of any one of the factors is not necessarily determinative (*see Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]; *Jordan v City of New*

*York*, 41 AD3d 658, 659 [2007]), whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147). The municipality must have "knowledge of the facts that underlie the legal theory or theories on which liability is predicated" in the proposed notice of claim, and not merely some general knowledge that a wrong has been committed (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148; *see Matter of Devivo v Town of Carmel*, 68 AD3d at 992; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]; *Pappalardo v City of New York*, 2 AD3d 699 [2003]).

Here, the petitioners failed to demonstrate that the appellant, Town of Hempstead, obtained actual knowledge of the essential facts of the claim by virtue of prior complaints from residents to install a traffic signal light at the intersection where the accident occurred. There was no showing that the appellant had actual timely knowledge of the occurrence of the subject accident, the identity of the petitioners as claimants, the nature of the claim, the cause of the accident, or of any connection between the infant petitioner's injuries and any alleged negligence of the appellant (*see Matter of Mitchell v City of New York*, 77 AD3d 754, 755 [2010]; *Matter of Devivo v Town of Carmel*, 68 AD3d at 992; *Ribeiro v Town of N. Hempstead*, 200 AD2d 730, 731 [1994]; *Kravitz v County of Rockland*, 112 AD2d 352, 352-353 [1985], *affd* 67 NY2d 685 [1986]). Furthermore, the petitioners failed to show that the delay of almost two years after the accident in seeking leave to serve a notice of claim did not prejudice the appellant's ability to maintain a defense on the merits (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152; *Matter of Acosta v City of New York*, 39 AD3d 629, 630 [2007]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]). The petitioners' delay prevented the appellant from conducting a timely investigation into whether the alleged dangerous condition was a cause of the accident and from interviewing potential witnesses while their recollections were fresh (*see Matter of Gillum v County of Nassau*, 284 AD2d 533, 534 [2001]; *Kravitz v County of Rockland*, 112 AD2d at 353).

Moreover, the petitioners' attorney failed to demonstrate a reasonable excuse for the lengthy delay between the time of the appointment of guardians for the infant petitioner, and the instant application (*see Matter of Kyser v New York City Hous. Auth.*, 178 AD2d 601 [1991]; *Matter of Dube v City of New York*,

158 AD2d 457 [1990]; *Kravitz v County of Rockland,* 112 AD2d at 353; *cf. Matter of Tara V. v County of Otsego,* 12 AD3d 984, 986 [2004]). Accordingly, the petition for leave to serve a late notice of claim on behalf of the infant petitioner should have been denied.

In light of our determination, we need not reach the appellant's remaining contention. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.