■ In the Matter of MOHAMED ZAID et al., Appellants, v CITY OF NEW YORK et al., Respondents. [928 NYS2d 579]—

"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (*Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *see Knox v New York City Bur. of Franchises & N.Y. City*, 48 AD3d 756, 757 [2008]). Pursuant to General Municipal Law § 50-e (5), a plaintiff may move or petition for leave to serve a late notice of claim alleging negligence within one year and 90 days after the claim accrued (*see McShane v Town of Hempstead*, 66 AD3d 652, 652-653 [2009]; *Shahid v City of New York*, 50 AD3d 770, 770 [2008]; *Angulo v City of New York*, 48 AD3d 603, 604 [2008]). "A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court" (*Matter of Harper v City of New York*, 69 AD3d 939, 940 [2010]; *see Matter of Blair v Pleasantville Union Free School Dist.*, 52 AD3d 827, 827 [2008]; *Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571, 571-572 [2008]).

"Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense" (*Matter of Davis v County of Westchester*, 78 AD3d 698, 699 [2010]; *see* General Municipal Law § 50-e [5]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 991-992 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011] [citations omitted]; *see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147). "The municipality

must have 'knowledge of the facts that underlie the legal theory or theories on which liability is predicated' in the proposed notice of claim, and not merely some general knowledge that a wrong has been committed" (*Matter of Iacone v Town of Hempstead*, 82 AD3d at 889, quoting *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148; *see Matter of Devivo v Town of Carmel*, 68 AD3d at 992; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832-833 [2008]; *Pappalardo v City of New York*, 2 AD3d 699, 700 [2003]).

Here, the petitioners demonstrated a reasonable excuse for their delay in serving a notice of claim upon the City of New York. However, they failed to establish that the City and the Administration for Children's Services (hereinafter together the municipality) acquired actual knowledge of the essential facts constituting the claim within 90 days after the subject accident occurred, or within a reasonable time thereafter. Furthermore, the petitioners failed to sustain their burden by rebutting the municipality's assertions that the delay substantially prejudiced its ability to investigate and defend against the claim (*see Buchanan v Beacon City School Dist.*, 79 AD3d 961, 962 [2010]; *Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency*, 68 AD3d 1111, 1112 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038-1039 [2009]; *Matter of Devivo v Town of Carmel*, 68 AD3d at 992). Accordingly, the Supreme Court providently exercised its discretion in denying the petition pursuant to General Municipal Law § 50-e (5) to deem a notice of claim timely served or, in the alternative, for leave to serve a late notice of claim.

The parties' remaining contentions are improperly raised for the first time on appeal and, accordingly, are not properly before this Court. Skelos, J.P., Belen, Hall and Roman, JJ., concur.