In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 19, 2012, which denied his motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the third-party defendant.
Ordered that the order is affirmed, with costs.
In determining whether to grant a motion for leave to serve a late notice of claim, the key factors that the court must consider are whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation, (3) the delay would substantially prejudice the public corporation in its defense, and (4) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e [5]; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852 [2012]; Matter of Gershanow v Town of Clarkstown, 88 AD3d 879, 880 [2011]; Matter of Iacone v Town of Hempstead, 82 AD3d 888 [2011]). Pursuant to General Municipal Law § 50-e (5), a court considering a motion for leave to serve a late notice of claim upon a public corporation must consider various factors, of which the “most important, based on its placement in the statute and its relation to other relevant factors” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]; see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 778 [2010]; Matter of Devivo v Town of Carmel, 68 AD3d 991 [2009]), is whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or a reasonable time thereafter (see General Municipal Law § 50-e [5]).
Here, the plaintiff failed to demonstrate that the third-party defendant, the Incorporated Village of Patchogue, acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or a reasonable time thereafter. Even though the plaintiff served a notice of claim upon the *654 defendants in the main action approximately three months after the accident, there was no showing that the Village had any knowledge of the plaintiffs accident or injury, or the legal theory upon which liability against it was predicated, prior to being served with the third-party summons and complaint more than eight months after the accident (see Matter of Abramovitz v City of New York, 99 AD3d 1000, 1001 [2012]; Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Iacone v Town of Hempstead, 82 AD3d at 889; Matter of Nieves v Girimonte, 309 AD2d 753 [2003]). Relying upon photographs admittedly taken more than nine months after the accident, the plaintiff contends that the Village had notice of the condition because the sidewalk was subsequently repaired. Even if these unauthenticated photographs showed that the defective condition was subsequently repaired (see Matter of Valentine v City of New York, 72 AD3d 981 [2010]), the plaintiff nonetheless failed to demonstrate that the Village repaired the subject defect within 90 days after the accident or a reasonable time thereafter (cf. Matter of Ruffino v City of New York, 57 AD3d 550, 552 [2008]; Segreto v Town of Oyster Bay, 66 AD2d 796 [1978]).
Furthermore, the plaintiff failed to show that the delay of 10 months after the accident in seeking leave to serve a late notice of claim upon the Village did not substantially prejudice the Village’s ability to maintain a defense on the merits (see Matter of Iacone v Town of Hempstead, 82 AD3d at 889; Matter of Gillum v County of Nassau, 284 AD2d 533, 534 [2001]; Kravitz v County of Rockland, 112 AD2d 352, 353 [1985]; cf. Fenton v County of Dutchess, 148 AD2d 573 [1989]). Accordingly, the plaintiffs motion for leave to serve a late notice of claim was properly denied. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.