■ In the Matter of RAYMOND NEWCOMB et al., Appellants, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Respondent. [8 NYS3d 422]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioners ap-

peal from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated May 13, 2014, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition, and (4) the delay would substantially prejudice the public corporation in its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629, 629 [2013]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675, 675-676 [2009]). The most important factor, based on its placement in the statute and its relation to other relevant factors, is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 991-992 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

Here, the petitioners failed to establish that the respondent, Middle Country Central School District (hereinafter the School District), received actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or a reasonable time thereafter. Specifically, the petitioners allege that a sign placed on the sidewalk at the intersection where the incident occurred was a proximate cause of their injuries. That sign allegedly advertised a musical production to be performed at a high school within the School District. Even assuming that the School District was responsible for the placement of the sign, the petitioners failed to establish that the School District became aware, within 90 days after the claim accrued or a reasonable time thereafter, that the placement of the sign was connected with the happening of the accident in a way that would give rise to liability on the part of the School District (*see Matter of Mitchell v City of New York*, 77 AD3d

754, 755 [2010]; *Matter of Devivo v Town of Carmel*, 68 AD3d at 992; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Moreover, the petitioners failed to demonstrate that their delay in serving a notice of claim would not substantially prejudice the School District's ability to defend against the claim on the merits. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition and dismissing the proceeding (*see Matter of Murray v Village of Malverne*, 118 AD3d 798, 800 [2014]; *Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d 1048, 1050 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 792). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.