■ In the Matter of DIAMOND ELLA McKENZIE REGAN, an Infant by Her Mother and Natural Guardian, WANDA REGAN, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [16 NYS3d 280]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 16, 2014, which denied the petition.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim upon the respondents New York City Department of Education and Village Academy and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, with costs to the petitioners payable by the respondents New York City Department of Education and Village Academy.

The infant petitioner is a student at the respondent Village Academy, a New York City public school under the control and direction of the respondent New York City Department of Education (hereinafter the DOE). The petitioners allege that on October 2, 2013, the infant petitioner was confronted by two classmates who threatened her and attempted to start a physical altercation. The infant petitioner's mother, the petitioner Wanda Regan (hereinafter Regan), immediately reported the incident to the principal of Village Academy and requested a meeting with the parents of the other two students. The petitioners allege that the principal failed to contact the parents of the other students, no meeting was ever organized, and no disciplinary measures were taken. On October 9, 2013, the infant petitioner allegedly sustained injuries when she was attacked on school grounds and severely beaten by the same two classmates. Approximately one month after the expiration of the 90-day deadline to serve a notice of claim, the petitioners commenced this proceeding for leave to serve a late notice of claim. The Supreme Court denied the petition.

The Supreme Court providently exercised its discretion in denying the petition insofar as it sought to serve a late notice of claim upon the respondent City of New York. The merits of a claim are not examined on a motion for leave to serve a late notice of claim (*see Matter of Day v Greenburgh Eleven Union Free School Dist.*, 88 AD3d 877, 877 [2011]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683 [2010]). However, permission to serve a late notice of claim is properly denied where the underlying claim is "patently meritless" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]). Here, the court properly determined that the City is not a proper party to these proceedings (*see Campbell v City of New York*, 203 AD2d 504 [1994]), so that any claim against it is patently meritless.

However, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which sought leave to serve a late notice of claim upon the DOE and Village Academy.

General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Kellman v Hauppauge Union Free Sch. Dist.*, 120 AD3d 634, 635-637 [2014]; *Matter of Lodati v City of New York*, 303 AD2d 406 [2003]). "Whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time there-

after is seen as a factor which should be accorded great weight in determining whether or not to grant leave to serve a late notice of claim" (*Kellman v Hauppauge Union Free Sch. Dist.*, 120 AD3d at 635). The court must also consider other relevant circumstances, including: (1) whether the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner's infancy and the delay in service of a notice of claim; (2) whether the claimant had a reasonable excuse for the delay; and (3) whether the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 128 AD3d 701 [2015]; *Matter of Fox v New York City Dept. of Educ.*, 124 AD3d 887, 888 [2015]).

Timely notice of the facts underlying the claim must be acquired within the 90-day period "or a reasonable time thereafter" (*Matter of Gershanow v Town of Clarkstown*, 88 AD3d 879, 880 [2011]). Here the DOE and Village Academy received the petition for leave to serve a late notice of claim approximately one month after the expiration of the 90-day period. Thus, the DOE and Village Academy acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (*see Matter of Gershanow v Town of Clarkstown*, 88 AD3d at 880; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d 841, 842 [2009]).

Because the DOE and Village Academy acquired timely knowledge of the essential facts constituting the petitioners' claim, the petitioners met their initial burden of showing a lack of prejudice (*see Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d 1009, 1010 [2013]; *Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1026 [2011]; *Matter of Allende v City of New York*, 69 AD3d 931, 933 [2010]). The DOE and Village Academy's conclusory assertions of prejudice, based solely on the petitioners' one-month delay in serving the notice of claim, were insufficient to rebut the petitioners' showing (*see Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d at 1010). Finally, while we find that the excuses proffered by the petitioners were not reasonable, the absence of a reasonable excuse is not fatal to the petition where there was actual notice and absence of prejudice (*see Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d at 1010; *Matter of McLeod v City of New York*, 105 AD3d 744, 746 [2013]).

Accordingly, that branch of the petition which was for leave

to serve a late notice of claim upon the DOE and Village Academy should have been granted. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.