Matter of Arroyo v Central Islip UFSD (2019 NY Slip Op 04688)





Matter of Arroyo v Central Islip UFSD


2019 NY Slip Op 04688


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-05774
 (Index No. 32353/09)

[*1]In the Matter of Gail Arroyo, appellant,
v
Central Islip UFSD, et al., respondents.


Schaefer Law Group, P.C., Smithtown, NY (Wayne J. Schaefer of counsel), for appellant.
Kevin A. Seaman (Devitt Spellman Barrett, LLP, Smithtown, NY [John M. Denby], of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to Education Law § 3813(2-a) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated June 29, 2015. The order denied the petitioner's motion for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
The background facts as to this matter are set forth in this Court's decision and order on a companion appeal (see Arroyo v Central Islip UFSD, ___ AD3d ___ [decided herewith]). As relevant to this appeal, the petitioner commenced an action against, among others, her former employer, Central Islip UFSD and Central Islip Union Free School District (hereinafter together the District), to challenge the denial of further long-term disability benefits pursuant to a long-term disability insurance policy issued to District employees by Sun Life and Health Insurance Company (U.S.) (hereinafter Sun Life). The complaint in the plenary action alleged breach of contract and wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq.; hereinafter ERISA). The petitioner simultaneously commenced this proceeding for leave to serve a late notice of claim on the District, and related relief, and moved by order to show cause for that relief. In an order dated June 29, 2015, the Supreme Court denied the petitioner's motion on the ground that her claims against the District in the plenary action were patently meritless. The petitioner appeals.
Education Law § 3813(1) requires that a notice of claim be served on a school district within three months after the accrual of a breach of contract claim against the school district. Upon application, the court may extend the time to serve a notice of claim up to one year (see Education Law § 3813[2-a], [2-b]). The court shall consider all relevant circumstances, including, particularly, whether the school district acquired actual knowledge of the essential facts constituting the claim within three months of accrual of the claim or a reasonable time thereafter (see Education Law § 3813[2-a]). While the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, leave is properly denied where the proposed claim is patently meritless (see Matter of Hess v West Seneca Cent. School Dist., 15 NY3d 813, 814; Matter of Catherine G. v [*2]County of Essex, 3 NY3d 175, 179; Matter of Ramirez v City of New York, 148 AD3d 908, 909; Matter of Regan v City of New York, 131 AD3d 1064, 1065). As discussed in this Court's decision and order on the companion appeal (see Arroyo v Central Islip UFSD, ___ AD3d ___ [decided herewith]), the lack of privity between the petitioner and the District in regard to the long-term disability policy issued to the petitioner by Sun Life is fatal to the petitioner's breach of contract cause of action against the District (see Siskin v Cassar, 122 AD3d 714, 717; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d 627, 627). Since the petitioner's claims against the District were patently meritless, the Supreme Court providently exercised its discretion in denying the petitioner's motion for leave to serve a late notice of claim (see Matter of Regan v City of New York, 131 AD3d at 1065).
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court