Matter of Gabriel v City of Long Beach (2022 NY Slip Op 04169)

Matter of Gabriel v City of Long Beach

2022 NY Slip Op 04169

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-01852
 (Index No. 613899/19)

[*1]In the Matter of Matthew Gabriel, appellant,
v
City of Long Beach, et al., respondents.

Camacho Mauro Mulholland, LLP, New York, NY (Anthony J. Buono of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani J. Rodriguez of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 8, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc is granted, and that branch of the petition which was for leave to serve a late notice of claim is denied as academic.
On June 30, 2019, employees of the City of Long Beach Fire Department (hereinafter the Fire Department) responded to a phone call from a bystander with regard to the petitioner herein, who apparently had just passed out inside of a gas station. The Fire Department employees treated the petitioner, allegedly causing him to go into anaphylactic shock, which in turn necessitated that he be placed in a medically induced coma from June 30, 2019, until July 7, 2019.
On October 3, 2019, the petitioner served a notice of claim upon the City of Long Beach and the Fire Department with regard to the subject incident. Thereafter, by notice of petition and petition filed October 4, 2019, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. In orders dated February 27, 2020, and June 2, 2020, the Supreme Court denied the petition without prejudice to renew upon proper papers.
On June 9, 2020, the petitioner renewed his petition for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. The respondents opposed the petition. In an order entered March 8, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court is required to consider all relevant facts and circumstances, including whether the public corporation acquired actual [*2]knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to timely serve a notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (see id.; Matter of Tejada v City of New York, 161 AD3d 876, 877; Matter of Davis v County of Westchester, 78 AD3d 698, 699). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Tejada v City of New York, 161 AD3d at 877 [citation omitted]; see Matter of Davis v County of Westchester, 78 AD3d at 699). Moreover, a petitioner's lack of a reasonable excuse for the failure to timely serve a notice of claim is not necessarily fatal when weighed against other relevant factors (see Matter of Tejada v City of New York, 161 AD3d at 877; Matter of Davis v County of Westchester, 78 AD3d at 699).
Here, the petitioner served the notice of claim upon the respondents five days after the 90-day period for service had expired and commenced the instant proceeding the next day. Under such circumstances, the respondents acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day statutory period (see Matter of Regan v City of New York, 131 AD3d 1064, 1066; Matter of Gershanow v Town of Clarkstown, 88 AD3d 879, 880; Matter of Gelish v Dix Hills Water Dist., 58 AD3d 841, 842; cf. Matter of Bhargava v City of New York, 130 AD3d 819, 820-821; Matter of Sanchez v City of New York, 116 AD3d 703, 704). Since the respondents acquired timely knowledge of the essential facts constituting the petitioner's claim, the petitioner met his initial burden of showing a lack of prejudice (see Matter of Regan v City of New York, 131 AD3d at 1066; Jordan v City of New York, 41 AD3d 658, 660).
In opposition to the petitioner's initial showing, the respondents "failed to come forward with particularized evidence showing that the late notice had substantially prejudiced [their] ability to defend the claim on the merits" (Matter of Tejada v City of New York, 161 AD3d at 878). Rather, the respondents' counsel made only conclusory assertions that the petitioner's five-day delay in serving the notice of claim had hindered the respondents' ability to conduct a prompt and thorough investigation of the subject incident, which "were insufficient to rebut the petitioner's initial showing of lack of prejudice" (id.; see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 467; see also Matter of Regan v City of New York, 131 AD3d at 1066; Jordan v City of New York, 41 AD3d at 660).
Although the petitioner failed to offer a reasonable excuse for his failure to timely serve the notice of claim, "the absence of a reasonable excuse is not fatal to the petition where there was actual notice and absence of prejudice" (Matter of Regan v City of New York, 131 AD3d at 1066; see Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 510; Gibbs v City of New York, 22 AD3d 717, 720; cf. Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791-792; Matter of Bell v City of New York, 100 AD3d 990, 990-991).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court