Matter of Romero v County of Suffolk (2022 NY Slip Op 04966)

Matter of Romero v County of Suffolk

2022 NY Slip Op 04966

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-08938
 (Index No. 612987/20)

[*1]In the Matter of Anthony L. Romero, appellant,
v
County of Suffolk, et al., respondents.

Lisa J. Borsella, LLC, Deer Park, NY, for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Jacob S. Kutnicki of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 5, 2020. The order denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On October 24, 2019, police officers with the Suffolk County Police Department (hereinafter the SCPD) arrested the petitioner for allegedly interfering with their efforts to arrest his brother and injuring one of the officers. On October 25, 2019, the petitioner was charged with assault in the second degree, obstructing governmental administration in the second degree, and resisting arrest.
On September 15, 2020, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the County of Suffolk and the SCPD, alleging, inter alia, that he had sustained personal injuries due to the use of excessive force by the arresting officers. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether to grant an application for leave to serve a late notice of claim, the court is required to consider all relevant facts and circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to timely serve a notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (see General Municipal Law § 50-e[5]; Matter of Tejada v City of New York, 161 AD3d 876, 877; Matter of Davis v County of Westchester, 78 AD3d 698, 699). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Tejada v City of New York, 161 AD3d at 877 [citation omitted]; see Matter of Davis v County of Westchester, 78 AD3d at 699). Moreover, [*2]a petitioner's lack of a reasonable excuse for the failure to timely serve a notice of claim is not necessarily fatal when weighed against other relevant factors (see Matter of Tejada v City of New York, 161 AD3d at 877; Matter of Davis v County of Westchester, 78 AD3d at 699).
Here, the respondents had timely actual knowledge of the essential facts constituting the petitioner's claim, since their employees participated in the acts giving rise to the claim and filed reports and prepared other documentation with respect to the subject incident from which it could be readily inferred that the respondents had committed a potentially actionable wrong (see Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821; Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 174; see also Matter of Schiffman v City of New York, 19 AD3d 206, 207; Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 10-11; cf. Matter of Galicia v City of New York, 175 AD3d 681, 682-683; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). Since the respondents acquired timely knowledge of the essential facts constituting the petitioner's claim, the petitioner met his initial burden of showing a lack of prejudice to the respondents' ability to maintain a defense (see Erichson v City of Poughkeepsie Police Dept., 66 AD3d at 821; see also Matter of Regan v City of New York, 131 AD3d 1064, 1066; Jordan v City of New York, 41 AD3d 658, 660).
In opposition to the petitioner's initial showing, the respondents "failed to come forward with particularized evidence showing that the late notice had substantially prejudiced [their] ability to defend the claim on the merits" (Matter of Tejada v City of New York, 161 AD3d at 878; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467). Rather, the respondents' counsel made only a conclusory assertion that the petitioner's delay in serving the notice of claim prejudiced the respondents' ability to defend the claim on the merits, which was insufficient to rebut the petitioner's initial showing of lack of prejudice (see Matter of Regan v City of New York, 131 AD3d at 1066; Jordan v City of New York, 41 AD3d at 660).
Although the petitioner failed to demonstrate a reasonable excuse for his failure to timely serve the notice of claim (see e.g. Matter of Snyder v County of Suffolk, 116 AD3d 1052, 1053), "the absence of a reasonable excuse is not fatal to the petition where there was actual notice and absence of prejudice" (Matter of Regan v City of New York, 131 AD3d at 1066; see Erichson v City of Poughkeepsie Police Dept., 66 AD3d at 821-822; Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 510; Gibbs v City of New York, 22 AD3d 717, 720; cf. Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791-792; Matter of Bell v City of New York, 100 AD3d 990, 990-991).
Accordingly, the Supreme Court should have granted the petition for leave to serve a late notice of claim.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court