Matter of Anghel v Town of Hempstead (2024 NY Slip Op 00420)

Matter of Anghel v Town of Hempstead

2024 NY Slip Op 00420

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-00009
 (Index No. 608401/21)

[*1]In the Matter of Maria-Lucia Anghel, appellant,
v
Town of Hempstead, et al., respondents.

Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Kenneth C. Brown of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Theodore F. Goralski of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 29, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
The petitioner allegedly lost her cat on February 3, 2020, and shortly thereafter reported it missing to the respondent Town of Hempstead Animal Shelter (hereinafter the Shelter). By late March 2020, the petitioner had formed the belief that a neighbor had trapped her cat and brought it to the Shelter, that Shelter employees denied having possession of the cat, and that such employees surreptitiously allowed someone else to adopt the cat, despite knowing that the cat belonged to the petitioner and that she was seeking its return. The petitioner expressed this belief to Shelter employees by March 24, 2020, and implored them to return her cat. In the months that followed, the petitioner repeatedly contacted Shelter employees, who purported to perform various searches showing that the petitioner's cat had never been in the Shelter's possession. The petitioner filed several related requests pursuant to the Freedom of Information Law, which similarly resulted in claims that her cat had never come into the Shelter. The petitioner complained to officials of the respondent Town of Hempstead that Shelter employees had allowed her cat to be "illegally adopted . . . behind [her] back," and she filed a formal grievance, alleging such misconduct by Shelter employees and demanding the return of her cat.
The petitioner then commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents, alleging, inter alia, conversion and replevin. In an order entered November 29, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding, determining that the respondents lacked actual knowledge of the essential facts constituting the claim within the relevant period of time and that they would be substantially prejudiced by the late notice of claim. The petitioner appeals.
General Municipal Law § 50-e(1)(a) requires service of a notice of claim within 90 days after the claim arises, as a condition precedent to commencement of a tort action against a municipal corporation. General Municipal Law § 50-e(5) authorizes a court, in its discretion, to extend that period of time. In determining whether to grant the extension, the statute directs the court to consider, "in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter," and to "consider all other relevant facts and circumstances, including . . . whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.). Other factors to consider include whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Salazar v City of New York, 212 AD3d 633, 634; Matter of Bermudez v City of New York, 167 AD3d 733, 734). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Placido v County of Orange, 112 AD3d 722, 723 [citations omitted]; see Parker v City of New York, 206 AD3d 936, 938; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026).
Here, the record establishes that the respondents acquired timely, actual knowledge of the essential facts constituting the claim. The petitioner contacted Shelter employees upon forming the belief that her cat was at the Shelter and had been placed for adoption. In the ensuing communications, during which time Shelter employees investigated the petitioner's allegations, the petitioner articulated her belief that Shelter employees were withholding her cat from her and had surreptitiously allowed someone else to adopt it. Within 90 days thereafter, the petitioner complained to Town officials and accused Shelter employees of having destroyed reports relating to the adoption of her cat. Thus, the respondents acquired actual knowledge of the facts constituting the claim within the statutory period of time (see Matter of Brown v City of New York, 218 AD3d 466, 467; Matter of Romero v County of Suffolk, 208 AD3d 662, 663; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 884).
Furthermore, as the respondents acquired timely knowledge of the essential facts constituting the claim and conducted investigations into the claim, the petitioner met her initial burden of showing that the respondents would not be prejudiced by the late notice of claim (see Matter of Brown v City of New York, 218 AD3d at 467-468; Matter of Romero v County of Suffolk, 208 AD3d at 663-664; Matter of Jaffier v City of New York, 148 AD3d 1021, 1023). In response to the petitioner's initial showing, the respondents failed to come forward with particularized evidence demonstrating that the late notice of claim substantially prejudiced their ability to defend the claim on the merits (see Matter of Brown v City of New York, 218 AD3d at 467-468; Matter of Romero v County of Suffolk, 208 AD3d at 663-664; Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 872).
Although the petitioner failed to establish a reasonable excuse for her delay in seeking leave to serve a late notice of claim, "where, as here, there is actual knowledge and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Ahmed v New York City Health & Hosps. Corp., 204 AD3d at 872; see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884; Brunson v New York City Health & Hosps. Corp., 144 AD3d 854, 856).
The respondents' remaining contention is without merit.
Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court