■ MATTHEW GROGAN et al., Appellants, v SEAFORD UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendants. [873 NYS2d 225]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated December 20, 2007, which granted the motion of the defendant Seaford Union Free School District to dismiss the complaint, inter alia, for failure to serve a timely notice of claim, and denied their cross motion for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

In order to commence a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]; § 50-i [1]; *Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230 [2006]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]), after considering "whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *see* General Municipal Law § 50-e [5]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]).

Applying these principles to the matter at bar, the Supreme Court providently exercised its discretion in denying the plaintiffs' belated application for leave to serve a late notice of claim (*see Matter of Alexander v Board of Educ. for Vil. of Mamaroneck*, 18 AD3d 654, 655 [2005]). Not only did the plaintiffs fail to satisfy their burden to show that the defendant school district acquired timely, actual knowledge of the essential facts constituting their claims, they did not offer a reasonable excuse for the delay in seeking leave to serve a late notice of claim (*see Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838, 838-839 [2008]). The infancy of one of the plaintiffs, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Matter of Lennon v Roosevelt Union Free School Dist.*, 6 AD3d 713, 714 [2004]).

Further, the plaintiffs failed to establish that the school district would not be substantially prejudiced in maintaining its defense on the merits at this late juncture (*see Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563, 564 [2006]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur. [*See* 18 Misc 3d 1112(A), 2007 NY Slip Op 52502(U).]