■ In the Matter of RODRICK PADGETT et al., Appellants, v CITY OF NEW YORK, Respondent. [912 NYS2d 75]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Flug, J.), dated January 21, 2010, which denied the petition.

Ordered that the order is affirmed, with costs.

On May 4, 2008, the infant petitioner, Rodrick Padgett (hereinafter the infant petitioner), who was then eight years old, allegedly was injured when he tripped and fell over a defective drain cover in Haggerty Park in Queens. No notice of claim was served on his behalf within 90 days (*see* General Municipal Law § 50-e [1] [a]). The infant petitioner and his mother, Octavia Byrd, both on his behalf and individually, first sought leave to serve a late notice of claim more than one year after the accident. The petitioners sought to excuse their failure based on the infant petitioner's infancy and Byrd's ignorance of the notice of claim requirement. They also asserted that the City of New York had knowledge of the essential facts constituting the claim and would not be prejudiced were the petition to be granted. The Supreme Court denied the petition, and we affirm.

Pursuant to General Municipal Law § 50-e (5), an injured person who fails to timely serve a notice of claim may apply for leave to serve a late notice of claim. In determining whether, in its discretion, to grant leave, a court must consider, "in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter" (General Municipal Law § 50-e [5]; *see Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138 [2008]). The court must consider, as well, "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]), including, inter alia, whether the proposed claimant is an infant, whether there is a reasonable excuse for the proposed claimant's failure to

serve a timely notice of claim, and whether such failure would substantially prejudice the public corporation in maintaining its defense on the merits (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147). No issue is, by itself, dispositive (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147).

Here, the petitioners' conclusory assertions failed to establish that the City had actual knowledge of the essential facts constituting the claim. Moreover, it is not a reasonable excuse that Byrd was unaware that service of a notice of claim was required (*see Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]). Finally, although the petitioners insist that the allegedly dangerous condition upon which the infant petitioner fell had not changed in the year following the accident, the petitioners have not met their burden of establishing that the City will not be prejudiced in its defense on the merits should leave be granted (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). That the infant petitioner was only eight years old at the time of his alleged injury is not by itself sufficient to overcome the factors militating against granting the petition, especially where, as here, there is no connection between the infancy and the failure to timely serve a notice of claim (*see Grogan v Seaford Union Free School Dist.*, 59 AD3d 596, 597 [2009]; *Rowe v Nassau Health Care Corp.*, 57 AD3d 961, 962-963 [2008]). Consequently, the Supreme Court did not improvidently exercise its discretion in denying the petition. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.