■ In the Matter of Veronica Tonissen et al., Appellants, v Huntington U.F.S.D., Respondent. [915 NYS2d 296]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 7, 2009, which denied the petition.

Ordered that the order is affirmed, with costs.

The infant petitioner was 11 years old and a sixth grade student at Woodhull Intermediate School in Huntington (hereinafter the school). Upon the completion of each school day, the infant petitioner and her classmates were instructed to pick up their chairs and place them on top of their desks. On September 18, 2008, the infant petitioner was wearing a splint on her right wrist from an earlier fracture, and as she attempted to place the chair on her desk, the chair fell to the ground and struck and injured her left foot. On March 10, 2009, the infant petitioner's father (hereinafter the petitioner), individually and on her behalf, sought leave to serve a late notice of claim upon the respondent, Huntington U.F.S.D.

In determining whether to grant leave to serve a late notice of claim, a court must consider whether: (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reason-

able time thereafter, (2) the claimant was an infant or mentally or physically incapacitated, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, and (4) the delay would substantially prejudice the public corporation in its defense (*see* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141 [2009]; *Grogan v Seaford Union Free School Dist.*, 59 AD3d 596 [2009]; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838 [2008]). A court has the discretion to consider all relevant factors and the presence or absence of any one factor is not necessarily determinative (*see Matter of Monfort v Rockville Ctr. Union Free School Dist.*, 56 AD3d 480 [2008]; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920, 921 [2007]).

In support of the petition, neither the infant petitioner nor the petitioner submitted an affidavit. Rather, they submitted only their attorney's affirmation, the proposed notice of claim, a copy of the envelope used in an attempt to deliver the notice of claim to the respondent by certified mail, and the notice of rejection of the proposed notice of claim from the respondent's attorneys. In his affirmation, the petitioners' attorney conclusorily alleged that the delay in the service of the notice of claim was because the petitioner was consumed with the infant petitioner's medical care. However, no evidence was submitted to demonstrate that the delay in serving the notice of claim was directly attributable to the infant petitioner's medical condition (*see Matter of Haeg v County of Suffolk*, 30 AD3d 519, 520 [2006]). Moreover, the infant petitioner's infancy, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Grogan v Seaford Union Free School Dist.*, 59 AD3d at 597). The petitioner's contention that he was unaware of the notice of claim requirement is also not an acceptable excuse (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 150, 151 [2008]).

Furthermore, the unsubstantiated assertions of the petitioners' attorney failed to establish that the respondent had "acquired actual knowledge of the essential facts constituting the claim" within 90 days of the incident or a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Matter of Monfort v Rockville Ctr. Union Free School Dist.*, 56 AD3d at 481).

The petitioners failed to establish that the respondent would not be substantially prejudiced in maintaining its defense on

the merits (*see Matter of Vicari v Grand Ave. Middle School*, 52 AD3d at 839). The petitioners' remaining arguments are either without merit, raised for the first time on appeal, or based upon matter dehors the record.

Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated October 7, 2009, to strike stated portions of the record on the ground that they contain matter dehors the record. By decision and order on motion of this Court dated June 4, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and pages 71 through 97 of the record are stricken and have not been considered in the determination of the appeal. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.