■ In the Matter of JOHANNA BRANDI, Appellant, v CITY OF NEW YORK, Respondent. [934 NYS2d 340]—

"Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter; whether the delay would substantially prejudice the municipality in maintaining its defense; and whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim" (*Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1026 [2011]; *see* General Municipal Law § 50-e [5]). While the presence or the absence of any one of the factors is not necessarily determinative (*see Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]), whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]). The municipality must have notice or knowledge of the specific claim and not merely some general knowledge that a wrong has been committed (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]).

Here, the petitioner failed to demonstrate that the City of New York had actual notice of the essential facts constituting her claim (*see Indar v City of New York*, 71 AD3d 635, 636 [2010]). Moreover, she failed to put forward a reasonable excuse for her failure to file a timely notice of claim (*see Matter of Padgett v City of New York*, 78 AD3d 949, 950 [2010]). Finally, the petitioner failed to meet her burden of establishing that the delay would not substantially prejudice the City in maintaining its defense on the merits (*see Matter of Padgett v City of New York*, 78 AD3d at 950; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 [2008]).

Accordingly, the petition was properly denied. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.