■ In the Matter of VALERIE TORRES et al., Respondents, v TUCKAHOE UNION FREE SCHOOL DISTRICT, Appellant. [941 NYS2d 263]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Tuckahoe Union Free School District appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered June 15, 2011, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. The petitioners failed to provide a reasonable excuse for their failure to serve a timely notice of claim (*see Matter of Felice v*

*Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). The infancy of one of the petitioners, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Robertson v Somers Cent. School Dist.*, 90 AD3d 1012 [2011]; *Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704 [2011]; *Matter of Padgett v City of New York*, 78 AD3d 949 [2010]; *Grogan v Seaford Union Free School Dist.*, 59 AD3d 596 [2009]), and no medical documentation was submitted to show that the delay was due to the infant petitioner's physical and emotional injuries (*see Robertson v New York City Hous. Auth.*, 237 AD2d 501 [1997]; *Matter of Nunes v City of New York*, 233 AD2d 399, 400 [1996]; *Matter of Caruso v County of Westchester*, 220 AD2d 746 [1995]).

Moreover, the petitioners failed to establish that the appellant, the Tuckahoe Union Free School District (hereinafter the School District), had actual knowledge of the essential facts within 90 days of the alleged underlying incidents or a reasonable time thereafter (*see Nuamah v City of New York*, 13 AD3d 502 [2004]; *Matter of Rodrigues v Village of Port Chester*, 262 AD2d 491, 492 [1999]; *Matter of Cuffee v City of New York*, 255 AD2d 440 [1998]). Finally, the petitioners failed to establish that the delay in serving a notice of claim would not substantially prejudice the School District (*see Matter of Landa v City of New York*, 252 AD2d 525 [1998]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.