In the Matter of INES RAMOS, Individually and as Mother and Natural Guardian of OLGA LOPEZ, an Infant, Appellant, v

BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [49 NYS3d 539]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated October 23, 2015, which denied the petition.

Ordered that the order is affirmed, with costs.

On May 9, 2014, Olga Lopez, a then-seventh-grade student at I.S. 61 in Corona, Queens, allegedly was injured while performing a floor exercise during her physical education class. Lopez allegedly complained to the physical education teacher about this particular exercise on prior occasions but was nonetheless directed to perform it. The following day, Lopez sought medical treatment, allegedly was diagnosed with a fractured spine, and was directed to undergo physical therapy. On June 1, 2015, she underwent back surgery and was discharged from the hospital on June 4, 2015. On or about July 1, 2015, Lopez's mother, the petitioner, Ines Ramos, commenced this proceeding, on behalf of Lopez and individually, for leave to serve a late notice of claim upon the Board of Education of the City of New York and the City of New York (hereinafter together the City). The Supreme Court denied the petition.

"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (*Matter of Zaid v City of New York*, 87 AD3d 661, 662 [2011]). This requirement also applies to tort actions brought against, inter alia, school districts and school boards (*see* Education Law § 3813 [2]; *Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ.*, 131 AD3d 1063 [2015]). "The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the trial court" (*Matter of Wooden v City of New York*, 136 AD3d 932, 932 [2016]). "In determining whether to grant leave to serve a late notice of claim, a court must consider whether: (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant or mentally or physically incapacitated, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, and (4) the delay would substantially prejudice the public corporation in its defense" (*Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704, 704-705 [2011]; *see* General Municipal Law § 50-e

[5]; Education Law § 3813 [2-a]; *Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d 1006, 1007 [2016]). "The presence or absence of any one factor is not necessarily determinative" (*Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d at 1007).

"In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). "[K]nowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (*id.* at 155; *see Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d at 1008). In addition, the mere awareness by school employees that a student has been injured is insufficient to establish that the public corporation had actual knowledge of the essential facts constituting the claim (*see Matter of Lewis v East Ramapo Cent. Sch. Dist.*, 110 AD3d 720, 721-722 [2013]; *Matter of Gunsam v Eastern Suffolk Bd. of Coop. Educ. Servs.*, 109 AD3d 542, 543 [2013]).

While the infancy of the claimant is one of the listed factors, infancy alone does not compel the granting of a petition for leave to serve a late notice of claim (*see Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d at 1008; *Matter of Lamprecht v Eastport-South Manor Cent. Sch. Dist.*, 129 AD3d 1084, 1085 [2015]). In order for the infancy of a claimant to constitute a reasonable excuse for the failure to serve a timely notice of claim, the petitioner must show a nexus between the infancy and the delay (*see Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d 870, 871 [2016]; *Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d 1048, 1049 [2014]; *Matter of Torres v Tuckahoe Union Free School Dist.*, 94 AD3d 770, 771 [2012]). Moreover, where, as here, a parent alleges that he or she was consumed with the infant's medical care and unable to serve a timely notice of claim, it does not constitute a reasonable excuse unless it is supported by evidence demonstrating that the delay was directly attributable to the infant's medical condition (*see Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d at 705; *cf. Matter of Haeg v County of Suffolk*, 30 AD3d 519, 520 [2006]).

Here, the petitioner failed to establish that the City had acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). While the

petitioner alleges that the physical education teacher invented the particular exercise and was present when Lopez was injured, she failed to submit any evidence that the City acquired actual knowledge of the essential facts underlying their negligence claims (*see Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d at 1008). Thus, the City had no reason to conduct a prompt investigation into the purported negligence (*see Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d 1048, 1050 [2014]; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026, 1027 [2010]).

The petitioner also failed to proffer evidence establishing a reasonable excuse for her failure to serve a timely notice of claim (*see Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d at 1049). Lopez's infancy, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d at 871; *Iglesias v Brentwood Union Free Sch. Dist.*, 118 AD3d 785, 786 [2014]). Moreover, the assertion by the petitioner that she was consumed with Lopez's medical care was also insufficient to constitute a reasonable excuse, as it was not supported by any evidence demonstrating that the delay in serving a notice of claim was directly attributable to Lopez's medical condition (*see Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d at 705).

Finally, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the City was not substantially prejudiced by the 11-month delay in serving a notice of claim (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]).

Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.