Matter of D.D. v Village of Great Neck (2018 NY Slip Op 03358)





Matter of D.D. v Village of Great Neck


2018 NY Slip Op 03358


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-03396
 (Index No. 608954/16)

[*1]In the Matter of D.D., etc., et al., petitioners- respondents, 
v
Village of Great Neck, respondent, Great Neck Union Free School District, et al., appellants.


Congdon, Flahety, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.
Leav & Steinberg LLP, New York, NY (Daniel T. Leav and Brett J. Nedick of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, Great Neck Union Free School District, Great Neck Public Schools, Great Neck Public School District, and Lakeville Elementary School appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 28, 2017. The order granted a petition for leave to serve a late notice of claim against them.
ORDERED that the order is affirmed, with costs.
On February 24, 2016, the then-six-year-old infant petitioner (hereinafter D.D.) fractured his left arm while taking a class at a private gym. The arm was put in a cast, and D.D. was given a doctor's note that his mother, the petitioner Renee Holstein, provided to the respondent Lakeville Elementary School (hereinafter the school). The note stated that D.D. needed assistance while going from the bus to class, while using stairs, and while carrying his backpack. The petitioners allege that on March 4, 2016, while carrying his coat and backpack and walking or running in the hallway of the school en route to an after-school program located within the school, D.D. tripped and fell, further injuring his left arm. According to the petitioners, at the time of the accident, D.D. was unsupervised and traveling in the hallway with two of his friends.
Following the accident, Holstein sent emails and spoke with various employees of Great Neck Union Free School District (hereinafter collectively, with the respondents Great Neck Public Schools, Great Neck Public School District, and the school, the District) about how the accident occurred and the extent of D.D.'s injuries. Holstein also inquired about who was supervising D.D. on behalf of the District at the time of the accident and why D.D. was carrying his backpack.
In April 2016, counsel for the petitioners served a notice of claim upon the Village [*2]of Great Neck, indicating that the petitioners intended to pursue a claim to recover damages stemming from negligence in, among other things, allowing D.D. and other students to be unsupervised and to run through the halls of the school, and in failing to escort D.D. to the after-school program despite the fact that his doctor's note indicated that D.D. required special assistance. At that time, the petitioners did not serve a notice of claim on the District.
While drafting a summons and complaint related to the accident, the petitioners' counsel realized that the District had not been served with the notice of claim. Thereafter, in November 2016, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim against the District relating to claims sounding in negligence for injuries sustained by D.D. The Supreme Court granted the petition and the District appeals.
Timely service of a notice of claim is a condition precedent to an action sounding in tort and commenced against a municipality (see General Municipal Law § 50-e[1][a]; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910; Matter of Zaid v City of New York, 87 AD3d 661, 662). This requirement also applies to tort actions commenced against, among others, school districts and school boards (see Education Law § 3813[2]; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910).
The purpose of the notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available (see Matter of Ramirez v City of New York, 148 AD3d 908, 908; Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882).
Here, the District had actual knowledge of the facts constituting the claim within the statutory period (see Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d 634, 635-636; Claud v West Babylon Union Free Sch. Dist., 110 AD3d 663, 664; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010; Matter of Funkhouser v Middle Country Cent. Sch. Dist., 102 AD3d 689, 690; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777). Furthermore, the petitioners made an initial showing that the District would not suffer any substantial prejudice by the delay, and the District failed to rebut the petitioners' showing with particularized indicia of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d at 1010; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026-1027). Even if the petitioners' reason for failing to timely serve the District was not reasonable, the absence of a reasonable excuse is not fatal to the petition where, as here, there was actual notice and the absence of prejudice (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d at 1010; Matter of McLeod v City of New York, 105 AD3d 744, 746; Matter of Lavender v Garden City Union Free School Dist., 93 AD3d 670, 671).
The District's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim.
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court