Matter of C.B. v Carmel Cent. Sch. Dist. (2018 NY Slip Op 05761)





Matter of C.B. v Carmel Cent. Sch. Dist.


2018 NY Slip Op 05761


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-02776
 (Index No. 1044/15)

[*1]In the Matter of C.B. (Anonymous), etc., respondent,
v
Carmel Central School District, appellant.


Henderson & Brennan (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Kathleen D. Foley], of counsel), for appellant.
Goldblatt & Associates, P.C., Mohegan Lake, NY (Kenneth B. Goldblatt of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e, Carmel Central School District appeals from an order of the Supreme Court, Putnam County (Lewis J. Lubell, J.), dated January 26, 2016. The order granted the petitioner's motion for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
The infant petitioner stopped attending school in the Carmel Central School District (hereinafter the school district) in November 2013, when she was in eighth grade. Shortly thereafter, she was diagnosed with depression and general anxiety disorder. The petitioner allegedly had complained to her guidance counselors on a regular basis since sixth grade that she was bullied by other students, both verbally and physically. In June 2015, the petitioner commenced this proceeding, by her mother, for leave to serve a late notice of claim upon the school district. The proposed notice of claim asserted a claim for damages arising from the school district's alleged negligence in failing to prevent or stop the bullying. The Supreme Court, Putnam County, granted the application. The school district appeals.
" Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality'" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910, quoting Matter of Zaid v City of New York, 87 AD3d 661, 662). " This requirement also applies to tort actions brought against, inter alia, school districts and school boards'" (Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1413-1414, quoting Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910; see Education Law § 3813[2]). " The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the trial court'" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910, quoting Matter of Unique Wooden v City of New York, 136 AD3d 932, 932).
In determining whether to grant a motion for leave to serve a late notice of claim, the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the school district acquired actual knowledge of the essential facts constituting the [*2]claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay substantially prejudices the school district in its ability to maintain its defense on the merits, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539). The statute also requires the court to consider, inter alia, "whether the claimant was an infant" (General Municipal Law § 50-e[5]), and, as a general matter, "the impediment to timely filing may reasonably be presumed to attend infancy; there is no requirement that it be factually demonstrated" (Williams v Nassau County Med. Ctr., 6 NY3d at 538). The court, however, may consider whether there is a causative nexus between infancy and the delay (see id.). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of City of New York v County of Nassau, 146 AD3d 948, 950; Matter of Hubbard v County of Madison, 71 AD3d 1313; Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509).
Here, the infant petitioner submitted evidence showing that she made persistent complaints over a period of years to district employees that she had been verbally and physically harassed by a certain group of fellow students, and that the abuse continued despite the school district's intermittent corrective actions. Contrary to the school district's contentions, the infant petitioner demonstrated that the district had actual notice of more than just the discrete incidents to which it responded; it had notice of the alleged pattern of abuse. Under the circumstances presented here, the infant petitioner sufficiently demonstrated that the district had actual notice of the essential facts constituting the claim within 90 days of accrual or within a reasonable time thereafter (see Mindy O. v Binghamton City School Dist., 83 AD3d 1335, 1337; Kim L. v Port Jervis City School Dist., 77 AD3d 627, 629), and that the district was not substantially prejudiced by the delay in serving the notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1237-1238).
The school district's contention that it would be prejudiced by the delay because two of the petitioner's three prior guidance counselors no longer work at the school was not sufficient to meet its burden of making a "particularized showing" of prejudice in maintaining a defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Kerner v County of Nassau, 150 AD3d at 1238; Mindy O. v Binghamton City School Dist., 83 AD3d at 1337). Given the petitioner's infancy, the school district's actual notice, and the absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1023; Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821). Accordingly, the Supreme Court providently exercised its discretion in granting the petitioner's motion for leave to serve a late notice of claim.
The school district's remaining contentions are improperly raised for the first time on appeal and are not properly before this Court (see Matter of Saponara v Lakeland Cent. Sch. Dist., 138 AD3d 870, 872).
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court