Matter of Charles v County of Orange, N.Y. (2018 NY Slip Op 06009)





Matter of Charles v County of Orange, N.Y.


2018 NY Slip Op 06009


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-05964
 (Index No. 246/16)

[*1]In the Matter of Michelet Charles, appellant, 
v
County of Orange, New York, respondent.


New York Lawyers for the Public Interest, New York NY (Sarika Saxena, Reena Arora, Laura F. Redman, Katherine Rosenfeld, and Simpson Thacher & Bartlett LLP [Thomas C. Rice, Daniel J. Stujenske, Lauren E. Repole, and Esinam M. Agbemenu], of counsel), for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Carol C. Pierce of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 20, 2016. The order denied the petition.
ORDERED that the order is affirmed, with costs.
From July 25, 2014, to July 22, 2015, the petitioner was housed at the Orange County Jail (hereinafter the jail) as a detainee of United States Immigration and Customs Enforcement (hereinafter ICE). During this time, he was provided with medical treatment for schizoaffective and bipolar disorders. On July 22, 2015, the petitioner appeared for an immigration hearing in New York City and was released from custody by the immigration judge. On August 4, 2015, the petitioner sought emergency care at Good Samaritan Hospital in West Islip. The next day he was transferred to another hospital and remained there as an inpatient in the psychiatric unit until he was discharged on October 9, 2015.
On or about January 12, 2016, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the County of Orange alleging, inter alia, that the County was negligent in failing to provide him with a discharge plan and medications to continue his treatment. The petitioner served the petition and the proposed notice of claim upon the County, and the County opposed the request for leave to serve a late notice of claim. The Supreme Court denied the petition. The petitioner appeals.
"A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 999; see General Municipal Law § 50-e[1][a]). "General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" [*2](Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). "In determining whether to grant the extension, the court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter" (Matter of Wilson v City of New York, 160 AD3d 970, 971). "The court shall also consider all other relevant circumstances, including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits" (id. at 971). " While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Degraffe v New York City Tr. Auth., 160 AD3d 949, 949-950, quoting Matter of Iacone v Town of Hempstead, 82 AD3d 888, 888-889). "In order for a municipality to have actual knowledge of the essential facts constituting the claim, [it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim'" (Matter of Ruiz v City of New York, 154 AD3d 945, 946, quoting Matter of Felice v Eastport South Manor Cent. School Dist., 50 AD3d 138, 147). "Unsubstantiated contentions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the content of reports or other documentation are insufficient" (Matter of Ruiz v City of New York, 154 AD3d at 946; see Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140).
Here, the petitioner failed to establish that the County had acquired actual knowledge of the essential facts constituting the claim within 90 days of his release from the jail or a reasonable time thereafter (see General Municipal Law § 50-e[5]). It is undisputed that when the petitioner left the jail on July 22, 2015, for his immigration hearing, the County, unaware that he would be released from custody, was also unaware of any need for discharge planning. Although the petitioner voluntarily returned to the jail on July 23, 2015, to retrieve his personal belongings, those items had previously been turned over to the petitioner's daughter in December 2014 pursuant to his written authorization, and there is no claim that the petitioner raised any issue regarding his treatment with anyone when he returned to the jail on July 23, 2015. Thus, the County had no reason to conduct a prompt investigation into any purported negligence or other alleged violation (see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912).
The petitioner also failed to provide a reasonable excuse for his failure to serve a timely notice of claim. Although the petitioner argued that he was so severely incapacitated that there was no feasible way for him to have filed a notice of claim during his hospitalization or shortly thereafter, he failed to explain in the petition, or through competent evidence, the extent of his illness, treatment, and incapacity (see id. at 911; cf. Matter of Olsen v County of Nassau, 14 AD3d 706, 707). The only documentation he submitted was a one-page, heavily redacted hospital discharge summary, which was insufficient to establish a reasonable excuse for the delay.
Finally, although we disagree with the Supreme Court's finding that the County would be substantially prejudiced if the petitioner were permitted to serve a late notice of claim, the court nonetheless providently exercised its discretion in denying the petition. The petitioner satisfied his initial burden of showing that the late notice will not substantially prejudice the County in its defense, and the County failed to rebut the showing with particularized evidence of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Nevertheless, the balancing of the actual knowledge and reasonable excuse factors weighed against permitting service of a late notice of claim (see Matter of Ruiz v City of New York, 154 AD3d at 947).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.

2016-05964 DECISION & ORDER ON MOTION
In the Matter of Michelet Charles, appellant, v County
of Orange, New York, respondent.
(Index No. 246/16)

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from an order of the Supreme Court, Orange County, dated April 20, 2016, on the ground that those portions of the reply brief refer to matter dehors the record and improperly raise issues for the first time on appeal, and for an award of costs. Cross motion by the appellant, inter alia, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record and improperly raise issues for the first time on appeal, and for an award of costs. By decision and order on motion of this Court dated April 4, 2017, the motion and cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the respondent's motion is granted to the extent of striking from the reply brief (1) so much of Point I(B)(1) as begins at the top of page 9 with "See Amer Aff. 2-3" through the first four lines on page 10, and (2) so much of Point III as begins with lines 3 to 5 of the first full paragraph on page 17 through "(Arora Aff. 1)," including the footnote, and those portions of the reply brief have not been considered in the determination of the appeal; and it is further,
ORDERED that the appellant's cross motion is granted to the extent of striking from the respondent's brief (1) Point II(B) on page 15, line 14, beginning with "Moreover" through line 20 and the first four lines on page 16, and (2) Point II(C), on page 20, line 6, starting with "to the contrary," through line 13, and those portions of the respondent's brief have not been considered on the determination of the appeal; and it is further,
ORDERED that the motion and cross motion are otherwise denied.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court