Matter of D.S. v South Huntington Union Free Sch. Dist. (2019 NY Slip Op 07589)





Matter of D.S. v South Huntington Union Free Sch. Dist.


2019 NY Slip Op 07589


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-01473 
2018-06805
 (Index No. 611242/17)

[*1]In the Matter of D.S., etc., petitioner, M.H.R., appellant,
v
South Huntington Union Free School District, et al., respondents-respondents, et al., respondent.


Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Sharyn Rootenberg of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the petitioner M.H.R. appeals from (1) an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated December 21, 2017, and (2) an order of the same court dated May 7, 2018. The order dated December 21, 2017, insofar as appealed from, denied that branch of the petition which was for leave to serve a late notice of claim upon the respondents South Huntington Union Free School District and Board of Education, South Huntington Union Free School District, on behalf of the petitioner M.H.R., in her individual capacity. The order dated May 7, 2018, denied the petitioner M.H.R.'s motion for leave to reargue.
ORDERED that the appeal from the order dated May 7, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated December 21, 2017, is reversed insofar as appealed from, on the law, and that branch of the petition which was for leave to serve a late notice of claim upon the respondents South Huntington Union Free School District and Board of Education, South Huntington Union Free School District, on behalf of the petitioner M.H.R., in her individual capacity is granted; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc on the respondents South Huntington Union Free School District and Board of Education, South Huntington Union Free School District (hereinafter together the school district respondents), relating to claims sounding in, inter alia, negligent hiring, negligent retention, and negligent supervision based on alleged improper sexual acts inflicted upon the infant petitioner, D.S., by the respondent Brian Dreher, beginning on January 20, 2017. At that time, Dreher was employed by the school district respondents as a high school social studies teacher and D.S. was one of his students. In an order dated December 21, 2017, the Supreme Court partially granted the application, denying leave to D.S.'s mother, the petitioner M.H.R., in her individual capacity, but granting the petitioners permission to file a late notice of claim on behalf of D.S. M.H.R. moved for leave to reargue that [*2]branch of the petition which concerned her individual claims. In an order dated May 7, 2018, the court denied M.H.R.'s motion. M.H.R. appeals from so much of the December 21, 2017, order as denied that branch of the petition which was for leave to serve a late notice of claim on her behalf, individually. M.H.R. also appeals from the May 7, 2018, order.
The denial of a motion for leave to reargue is not appealable and, therefore, M.H.R.'s appeal from the order dated May 7, 2018, which denied her motion for leave to reargue, must be dismissed (see MP v Davidsohn, 169 AD3d 788, 789).
In order to commence a tort action against a school district, a claimant generally must serve a notice of claim within 90 days after accrual of the claim (see Education Law § 3813[2]; General Municipal Law § 50-e[1][a], 50-i[1]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 143). A court may, in its discretion, extend the time to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the public corporation (see General Municipal Law § 50-e[5]; Education Law § 3813[2-a]; Matter of R.N. v Village of New Sq., 164 AD3d 508, 509; Bazile v City of New York, 94 AD3d 929, 929). "Since the statutory notice requirement is not intended to operate as a device to frustrate the rights of individuals with legitimate claims,' and because of its remedial nature, it should be liberally construed'" (Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885, quoting Matter of Porcaro v City of New York, 20 AD3d 357, 3358).
Section 50-i(1)(c) of the General Municipal Law and Education Law § 3813(2) require that a tort action against a school district be commenced within one year and ninety days after the happening of the event upon which the claim is based, which "has generally been regarded as a Statute of Limitations" (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 258-259; see Education Law § 3813[2]). However, an action to recover damages for injuries or a condition suffered as a result of conduct which would constitute the type of sexual offenses allegedly committed here must be commenced within one year after the cause of action arose (see Education Law § 3813[2], [2-b]).
In determining whether to grant leave to serve a late notice of claim a court must consider all relevant facts, including, but not limited to, whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007; Grogan v Seaford Union Free School Dist., 59 AD3d 596, 597; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 150). While "[t]he presence or absence of any one factor is not determinative" (N.F. v City of New York, 161 AD3d 1046, 1047), whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance (see Matter of Nieto v City of New York, 170 AD3d 1022, 1023; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059). "Generally, the phrase facts constituting the claim' is understood to mean the facts which would demonstrate a connection between the happening of the accident and any negligence on the part of the municipality" (Matter of Placido v County of Orange, 112 AD3d 722, 723; see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791).
In the present case, the Supreme Court denied that branch of the petitioners' application which was for leave to serve a late notice of claim concerning M.H.R.'s individual claims solely on the basis of its conclusion that the claims were untimely (see Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 266). M.H.R., however, had until January 20, 2018, to commence an action against the school district respondents and, thus, absent a toll, to petition for leave to serve a late notice of claim, since her claims accrued on January 20, 2017 (see Education Law § 3813[2], [2-b]; Pierson v City of New York, 56 NY2d 950, 954; Matter of Johnson v County of Suffolk, 167 AD3d 742, 744). M.H.R. served her notice of claim on June 7, 2017, and commenced this proceeding on June 22, 2017, i.e., within the one-year period during which the court had discretion to grant her application, without reference to a toll (see Education Law § 3813[2], [2-b]; Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21, 193 AD2d 606, 607).
Contrary to the school district respondents' contentions, the record supports the Supreme Court's determinations that the two-month delay in serving the notice of claim was reasonable under the circumstances (see Matter of Andrew T.B. v Brewster Cent. School Dist., 18 AD3d 745, 747; Morano v County of Dutchess, 160 AD2d 690, 692), and, in any event, that the school district respondents acquired actual knowledge of the essential facts constituting the claims within a reasonable time after the expiration of the 90-day period (see Matter of Trotman v Rochester City School Dist., 67 AD3d 1484, 1485). Moreover, we agree with the court's determination that the school district respondents failed to rebut the petitioners' showing of an absence of prejudice, with particularized evidence (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467; Matter of Trotman v Rochester City School Dist., 67 AD3d at 1485).
Accordingly, we reverse the December 21, 2017, order insofar as appealed from and grant that branch of the petition which was for leave to serve a late notice of claim on behalf of M.H.R., individually.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court